11-5147-cr
United States v. Christopher Bass

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         CHRISTOPHER F. DRONEY,
                  *Circuit Judges*,
         VINCENT L. BRICCETTI,
                  *District Judge*.*

------------------------------------

UNITED STATES OF AMERICA,

                  *Appellee*,

        -v.-                              No. 11-5147-cr

CHRISTOPHER BASS, AKA Sealed Defendant #1,

                  *Defendant-Appellant.*

------------------------------------

FOR APPELLANT:      Andrew M. St. Laurent, Harris, O'Brien,
                    St. Laurent & Houghteling LLP, New York,
                    NY.

---

\* The Honorable Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:        Rajit S. Dosanjh, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Christopher Bass appeals from a final judgment of conviction, sentence, and order of restitution imposed by the United States District Court for the Northern District of New York (Kahn, *J.*) on December 2, 2011. We assume the parties' familiarity with the facts and procedural history of this case.

Bass contends that the district court erred (1) in failing to hold a hearing to determine the appropriate restitution amount; (2) in applying the "sophisticated means" sentencing enhancement; and (3) in sentencing him to 151 months' imprisonment.

Bass was not entitled to a hearing to determine the appropriate restitution amount in this case because it was clear to the court that the victims' losses were ascertainable five months in advance of the sentencing. Bass

and counsel had an opportunity to review the figures and the methodology and to convey objections to the Government and the district court; they declined to do so, though at sentencing they finally did request a hearing. The district court was within its discretion in ordering restitution without a hearing. *See, e.g., United States v. Catoggio*, 698 F.3d 64, 69 (2d Cir. 2012) (per curiam).

The application of the "sophisticated means" enhancement was appropriate because of the scale and nature of Bass's Ponzi scheme. The Guidelines commentary lists examples of "sophisticated means," including "locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction . . . [or] hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts." U.S.S.G. § 2B1.1 n.8(B). Bass had three offices spanning multiple jurisdictions, numerous and unreachable offshore bank accounts, forged bank statements, and a number of employees; this was sufficient to trigger the sophisticated means enhancement.

Bass's sentence is substantively reasonable. The district court appropriately applied the Guidelines factors

3

and the factors from 18 U.S.C. § 3553(a).  In light of the nature of the offense, the sentence of 151 months' imprisonment, within the Guidelines range, is substantively reasonable. Nothing about Bass's attempts to cooperate with the government renders his sentence unreasonable; we note that he was appropriately given credit for acceptance of responsibility.

We have considered Bass's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk